Filed 8/11/16  In re M.B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.B.,<br><br>Defendant and Appellant. | F072655<br><br>(Kern Super. Ct. No. JW125688-05)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment and dispositional order of the Superior Court of Kern County.  Raymonda B. Marquez, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Kane, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant M.B., a juvenile, was found to have committed a misdemeanor violation of Health and Safety Code section 11364, possession of a prohibited instrument or device. On appeal, her appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

Around 11:00 a.m. on June 8, 2015, Bakersfield Police Officers Trinidad and Trammel were on patrol. Trinidad observed a Ford Mustang traveling on Wilson Road with a nonoperable break light. Trinidad watched as the driver turned right without activating the turn signal.

Officer Trinidad conducted a traffic stop. Robert Speckman (Speckman) was the driver, and appellant was sitting in the front passenger seat. Appellant was 17 years old. Trinidad testified he spoke with Speckman for about 10 minutes and determined he did not have a valid driver's license. Trinidad decided the car was going to be impounded.[2]

Officer Trinidad asked appellant to get out of the car because of the impoundment and to sit on the curb. Appellant complied.

Officer Trinidad asked appellant if she could call a parent or guardian. Appellant said she did not know the telephone number by memory. Trinidad then asked appellant if she had a cell phone so she could call a parent or guardian for a ride. Appellant said her cell phone was in her purse, and the purse was on the car's front seat. Appellant asked if she could get her purse from the car. Trinidad said no, and he went to the car and retrieved her purse.

---

[1] The facts are from the jurisdictional hearing, where the court heard appellant's motion to suppress.

[2] At the dispositional hearing, the court stated that Speckman was an adult.

Officer Trinidad asked appellant if he could open her purse and remove her cell phone. Appellant said yes. Trinidad asked appellant if there was anything inside her purse that he should be concerned about. Appellant said there was a glass pipe.

Officer Trinidad opened the purse and removed the cell phone and the glass pipe. He asked appellant about the last time she used the pipe. Appellant said she used it around 2:00 a.m. that morning to smoke methamphetamine.

On cross-examination, Officer Trinidad admitted that his police report about the incident did not state that he asked appellant to sit on the curb; asked her to call her parent or guardian; asked if he could open her purse to remove the cell phone; that appellant said she had a glass pipe; or that he opened her purse and found the glass pipe.

**Defense evidence**

Appellant testified that Officer Trinidad and a second officer conducted the traffic stop. About 10 minutes later, two other officers arrived, one of whom was female. A male officer asked appellant to step out of the car. The female officer told appellant to put her hands on top of her head. Appellant complied, and the female officer searched her.

Appellant testified she sat down on the curb, and Officer Trinidad asked if he could search her purse. Appellant testified that she said yes.

Appellant testified the glass pipe belonged to Speckman, the driver of the car, and it did not belong to her. Appellant denied that she told Officer Trinidad that she had smoked the pipe at 2:00 a.m.

Appellant's counsel asked her if she felt free to leave. Appellant testified: "Well, I did not feel like I had done anything wrong, so, like, yeah – I don't know how to explain it good, but I just did not feel like I was in trouble."

**Procedural history**

On July 8, 2015, a juvenile wardship petition (Welf. & Inst. Code, § 602) was filed in the Superior Court of Kern County, which alleged appellant violated Health and Safety Code section 11364, misdemeanor possession of narcotics paraphernalia.

On August 21, 2015, appellant filed a motion to suppress (Welf. & Inst. Code, § 700.1) and alleged Officer Trinidad conducted an illegal search and seizure.

On August 31, 2015, the People filed opposition and argued the traffic stop was valid and appellant consented to the search.

On September 3, 2015, the court conducted the jurisdictional hearing and heard evidence on appellant's motion to suppress. The court denied the suppression motion, and found the allegation true.

On October 8, 2015, the court conducted the dispositional hearing and adjudged appellant as a ward of the court. The court found the maximum term of confinement was six months. The committed appellant to the Pathways Academy subject to various terms and conditions.

On November 4, 2016, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised she could file her own brief with this court. By letter on February 15, 2016, we invited appellant to submit additional briefing. To date, she has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment and dispositional order are affirmed.